IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTIAN A. GUSTAVSON, on behalf of himself and all other similarly situated individuals, | |
| Plaintiff, | No. 20-cv-04357 |
| v. | Judge Franklin U. Valderrama |
| OXFORD HOTELS & RESORTS, LLC, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kristian A. Gustavson (Gustavson), a guest at the Godfrey Hotel in Chicago, has brought a lawsuit against the owners/operators of the hotel, Defendants Oxford Hotels & Resorts, LLC, Oxford Capital Group, LLC, and the Godfrey Hotel Chicago (collectively, Oxford) and Gettys Group, Inc. (Gettys) (together, with Oxford, Defendants), alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the ICFA) and unjust enrichment over a charge for a hotel fee and tax. Defendants now move to dismiss Gustavson's third amended complaint (TAC) under Federal Rule of Civil Procedure 12(b)(6). R. 47, Oxford Mot.; R. 48, Gettys Mot.[1] For the reasons below, the Court grants Defendants' motions to dismiss and dismisses this case with prejudice.[2]

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2] Defendant Godfrey Boston Leaseco, LLC has neither been served nor appeared in this case. Although Godfrey Boston Leaseco, LLC did not affirmatively join either motion to dismiss

## Background

This case arises from Gustavson's overnight stay at the Godfrey Hotel Chicago (the Hotel) from May 1 to May 2, 2020. R. 44, Am. Compl. ¶ 5.[3] Gustavson made the reservation over the telephone. *Id.* The Hotel advertises the booking of rooms and room rates on its website. *Id.* ¶¶ 13–14. During Gustavson's checkout, he was given an invoice that stated he was being charged an urban fee (the Fee) of fifteen dollars ($15) and urban tax (the Tax) of one dollar and seventy-three cents ($1.73). *Id.* ¶ 6; *see also* R. 49, Gettys Memo. at Exh. A. The Fee and Tax, because they are mandatory, constitute part of the actual daily cost of the room the Hotel charges consumers to stay at the Hotel. Am. Compl. ¶ 20. According to Gustavson, the Fee and Tax are not included in the bold, large-font price displayed on the Hotel's website for the nightly rate for the room, nor are the Fee and Tax otherwise disclosed. *Id.* ¶ 21. Gustavson alleges that prior to his checkout, he was not aware that the Fee and Tax would be charged. *Id.* ¶ 7.

Upon receiving the invoice at checkout, Gustavson asked the Hotel staff about the Fee and Tax, including "what the Fee and Tax were for, why he was not previously

---

the TAC—because it has not been served and it is well past the 90-day deadline in Federal Rule of Civil Procedure 4(m)—the Court sees no way the claims against it could proceed given the arguments raised by Defendants. Therefore, Gustavson's claims against Godfrey Boston Leaseco, LLC are also dismissed.

Defendant Oxford-Getty Joint Venture was dismissed from the case on April 8, 2021 (R. 63) pursuant to Gustavson's notice of dismissal (R. 62).

[3]The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Gustavson. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

informed of the Fee and Tax, and why the Hotel was charging them." Am. Compl. ¶¶ 8–9. Gustavson was not provided with any answers. *Id.* ¶ 10.

On May 3, 2020, Gustavson called the Hotel to further inquire about the charging of the Fee and Tax; however, despite speaking with several members of the staff, he received no answers. Am. Compl. ¶¶ 11–12.

Gustavson filed this class action lawsuit against Defendants. R. 1. Gustavson subsequently filed a two-count, third amended complaint against Defendants, alleging a violation of the ICFA and unjust enrichment.[4] Am. Compl. Gustavson seeks to certify a class consisting of "All United States citizens who have booked a hotel room through a phone call or on websites for the Hotel and other hotel properties that charge the Fee and/or Tax . . . that are owned, and/or operated, and/or managed by any of the Defendants . . . ." Am. Compl ¶ 48. Oxford and Gettys have filed separate motions to dismiss the TAC.

### Standard of Review

To survive a 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the court will accept all well-pleaded factual allegations as true

---

[4]Gustavson filed first and second amended complaints on October 24, 2020 and October 27, 2020, respectively (R. 31, 32), but he sought and was granted leave to file the TAC (R. 40, 41) before the Court ruled on any motions to dismiss the second amended complaint.

3

and view them in the light most favorable to the non-moving party. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). On the other hand, "[t]he complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts v. City of Chi.*, 817 F.3d 561, 565 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

## Analysis

### I. Class Allegations

As an initial matter, the Court addresses Defendants' arguments regarding Gustavson's ability to be a class representative. Gettys argues that Gustavson cannot be deemed a class representative for those who booked a hotel room online, since he does not allege that he booked his reservation online. Gettys Memo. at 8. In his Response, Gustavson concedes that "he is not an appropriate class representative for individuals who booked online." R. 55, Resp. at 9. Therefore, the class is limited to those who booked their reservations over the phone.

Oxford argues that any nation-wide class allegations should be dismissed, as the ICFA lacks extraterritorial effect. Oxford Mot. at 13 (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 852–53 (Ill. 2005)). Presumably, Oxford raises this point because in his TAC, Gustavson references a Boston hotel owned by the Defendants. Am. Comp. ¶ 16. Gustavson fails to address this argument and has waived any response. *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

4

No matter, as the Court agrees with Oxford that the ICFA does not apply to transactions outside of Illinois. In *Avery*, the Illinois Supreme Court addressed the reach of the ICFA to non-Illinois residents and held that the ICFA does not apply to "fraudulent transactions which take place outside Illinois." 835 N.E.2d at 853. As such, as Oxford highlights, any nation-wide class which Gustavson attempts to represent for claims against any hotel Oxford owns, operates, or manages is an over-reach, and cannot stand.

The Court having addressed the preliminary matters, now turns to the substance of the motions to dismiss.

## II. Violation of the ICFA (Count I)

In Count I, Gustavson alleges that Defendants violated the ICFA by advertising room rates that do not include the Fee and Tax, but then charging consumers the Fee and Tax upon checkout. Am. Compl. ¶¶ 57–66.

The ICFA declares that "[u]nfair methods of competition and unfair or deceptive acts or practices . . . are . . . unlawful." 815 ILCS 505/2. Under the ICFA, "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10(a). The ICFA is "a regulatory and remedial statute intended to protect consumers, borrowers and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d. 932, 934 (7th Cir. 2010) (internal citation and quotation omitted). To state a claim under the ICFA, Gustavson must allege that Defendants (1) committed

a deceptive or unfair act; (2) possessed the intent that Gustavson rely on that deceptive or unfair act; (3) committed the deceptive or unfair act in the course of trade or commerce; and (4) caused Gustavson actual damages by committing the act. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (citing *Siegel*, 612 F.3d at 934–35). A plaintiff may base his or her ICFA claim on "either deceptive conduct, unfair conduct, or both." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). A business practice "is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Id.* (internal citation and quotation omitted).

Here, Gustavson alleges a deceptive act or practice by Defendants based on their "failure to adequately disclose the Fee and Tax as part of the true cost of renting a hotel room . . . ." Am. Compl. ¶ 22. Gustavson makes no allegation regarding an unfair practice and therefore, the Court's review is limited to whether Gustavson has adequately pled a deceptive act or practice under the ICFA.[5]

Defendants argue that for Gustavson to adequately plead a violation of the ICFA, he must do so with the particularity required under Rule 9(b). Oxford Mot. at 3–9; Gettys Memo. at 5–6.[6] Gustavson does not dispute this point. Resp. at 5. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

---

[5] Oxford argues that any unfairness claim that might be asserted would remain deficient. Oxford Mot. at 9–10. As the Court finds that Gustavson has asserted a deceptive claim only, the Court will not address the argument on unfairness claims further.

[6] Even though Oxford and Gettys filed separate motions, they make the same or similar arguments regarding Gustavson's claims, so the Court, unless indicated otherwise, considers the arguments collectively on behalf of Defendants.

Rule 9(b) requires that ICFA claims "must allege the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *CardioNet, Inc. v. LifeWatch Corp.,* 2008 WL 567031, at *2–3 (N.D. Ill. Feb. 27, 2008) (internal citation and quotation omitted). Said another way, a plaintiff must plead the "who, what, when, and where of the alleged fraud." *Id.* at *3 (internal citation and quotation omitted).

According to Defendants, it is not *per se* deceptive to charge a resort fee or Urban Fee in addition to the advertised room rate where the total price or an increased price is disclosed up front. Oxford Mot. at 6 (citing *Ford v. Hotwire, Inc.*, 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008) and *Harris v. Las Vegas Sands L.L.C.*, 2013 WL 5291142 (C.D. Cal. Aug. 16, 2013)). Even though Gustavson alleges he first learned of the Urban Fee at check out, Defendants argue that he does not allege the final price he was charged was different than the price provided to him when he reserved the Hotel room. *Id.* They contend that he provides no facts regarding the information relayed during his phone call to make the reservation. *Id.* Additionally, since Gustavson references the Hotel's website, submit Defendants, they can reference the website in their motion. *Id.* at 7. The Hotel's website, according to the Defendants, reveals the specific breakdown for the Urban Fee and Tax. *Id;* Gettys Memo. at 6. In short, assert Defendants, there has been no misrepresentation. Therefore, Gustavson has failed to allege a claim of fraud under the ICFA and

7

Gustavson's ICFA claim should be dismissed. Oxford Mot. at 3–9; Gettys Memo. at 5–6. The Court agrees.

Gustavson's TAC, as Defendants point out, fails to allege any facts to support a misrepresentation. Nowhere in his TAC does Gustavson allege that at the time he made the room reservation he was told one price and said price was different at checkout. In fact, nowhere does he allege that he was unaware of the total cost of his Hotel room before, during, or after his stay. Instead, he maintains that the Urban Fee and Tax were not disclosed as part of the true cost of the room. Am. Compl. ¶¶ 21–22. The Hotel's website belies Gustavson's contention that the imposition of the Urban Fee and Tax was not disclosed. To the contrary, the website clearly reveals both charges.

In his Response, Gustavson concedes that he is required to plead his ICFA claim with the specificity required by Rule 9(b). Resp. at 5. Gustavson contends that he has properly plead the "who, what, when, and where" for his fraud claim. *Id.* "The person making this misrepresentation was the hotel. The content of the misrepresentation was the hidden Fee and Tax. The misrepresentation was communicated to [Gustavson] by way of the invoice he was given." *Id.* at 5–6.

But Gustavson utterly fails to address Defendants' contention that the Fee and Tax were in fact, disclosed on the Hotel's website. He also fails to address Defendants' argument in their motions to dismiss that the allegations in the TAC are based upon what happened after his stay was over instead of indicating what occurred during the telephone conversation while booking his room. R. 59, Oxford Reply at 2–3; R. 60,

8

Gettys Reply at 1. Specifically, Gustavson argues that he "had no knowledge of the Fee and Tax until after he had used his room. He was forced to pay the Fee and Tax when he checked out. No one at the hotel could explain these charges to him." Resp. at 5. This does not address his failure to provide any facts regarding the telephone conversation with the Hotel when he reserved his room, including any allegation that the total price of the room was *not* disclosed to him during that call.

In viewing the allegations of the TAC in the light most favorable to Gustavson, the Court finds that Gustavson fails to satisfy the Rule 9(b) pleading standard to adequately allege a cause of action under the ICFA, namely a misrepresentation by Defendants. In light of this conclusion, the Court need not address Defendants' additional arguments.

### III.   Unjust Enrichment (Count II)

In Count II, Gustavson alleges that Defendants have been unjustly enriched by "retain[ing] revenues from the Fee and the Tax . . . to which they are not entitled." Am. Compl. ¶ 68.

To state a claim for unjust enrichment, Gustavson must allege that Defendants have unjustly retained a benefit to Gustavson's detriment, and that Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc., v. Mt. Vernon Hosp., Inc.*, 545 N.E. 2d 672, 679 (Ill. 1989). Under Illinois law, unjust enrichment is not an independent cause of action that, standing alone, entitles a plaintiff to a recovery. *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009).

Defendants posit that "if an [Illinois] unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim – and, of course, unjust enrichment will stand or fall with the related claim." Oxford Mot. at 12 (citing *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)); *see also* Gettys Memo. at 6–7 ("[I]f Count I is dismissed by the Court then Count II should also be dismissed."). The Court agrees.

As a preliminary matter, Gustavson does not address the argument that his unjust enrichment claim hinges on a successful claim under the ICFA. Therefore, Gustavson has waived the argument. *See Bonte*, 624 F.3d at 466. Regardless, because Gustavson's unjust enrichment claim is based on the same underlying conduct tied to his ICFA claim, and since the Court determined that his ICFA claim failed, so too must his unjust enrichment claim. *See Overstreet v. CIT Mortg. Home Loan Tr. 2007-1*, 2017 WL 1022079, at *7 (N.D. Ill. Mar. 16, 2017) (dismissing the plaintiff's unjust enrichment claim because the court dismissed its ICFA claim based on the same underlying claim).

### IV. Leave to Amend

Last, Defendants argue that Gustavson should not be given an additional chance to amend his TAC. Oxford Mot. at 15. Gustavson does not seek leave to file a fourth amended complaint. The Court agrees with Defendants. Given this is Gustavson's fourth pleading attempt, the Court's dismissal is with prejudice. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013) (affirming dismissal with

prejudice of third pleading attempt because "in court, as in baseball, three strikes and you're out"); *see also Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 943 (N.D. Ill. 2011).

## Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss [47] [48], and dismisses the third amended complaint [44] with prejudice. This civil case is terminated.

Dated: August 26, 2021

United States District Judge
Franklin U. Valderrama